UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-60288-CR-COHN/SELTZER

UNITED STATES OF AMERICA,

v.

CASSIO ORVILLE DONALD SLOWDEN,
SEAN ANTHONY LAWRENCE,
OMAR DANLADI HYMAN, and
MARIO D. ARCHER,

        Defendants.
_____/

## ORDER OVERRULING DEFENDANT SLOWDEN'S OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S REPORT

**THIS CAUSE** is before the Court on Defendant Cassio Slowden's Objections to Report and Recommendation [DE 86]. The Court has considered Mr. Slowden's Objections, United States Magistrate Jude Barry S. Seltzer's Report and Recommendation [DE 83] on Defendant Cassio Slowden's Motion to Dismiss Indictment [DE 59], Corrected Motion to Dismiss Indictment [DE 60], and Second Motion to Dismiss Indictment [DE 76], conducted a *de novo* review of the Report and Recommendation, and is otherwise advised in the premises.

Mr. Slowden argues that the Indictment should be dismissed based on a violation of his substantive due process rights under the Fifth Amendment to the United States Constitution. More specifically, he alleges that the "reverse sting" utilized by law enforcement agents "offended traditional notions of justice and fair play." In addition, Mr. Slowden asserts sentencing entrapment and sentencing manipulation. Essentially, he maintains that the Government "created the entire scenario of the crimes it later

charged, including inventing a fictitious drug type and quantity and whether firearms should be carried and perhaps used."

As Judge Seltzer stated, the Eleventh Circuit Court of Appeals has addressed these issues in several prior decisions. In United States v. Sanchez, 138 F.3d 1410 (11th Cir. 1998), the Court found that a reverse sting, in which the Government had created a fictitious crime for the defendants to commit, that is a robbery of a non-existent house allegedly stocked with large quantities of cocaine and marijuana, was not so outrageous as to warrant dismissal of the indictment. This Court finds no discernable distinction between the facts in Sanchez and the facts in Slowden. The Government conduct in Slowden was no more outrageous than that in Sanchez. Therefore, Mr. Slowden's outrageous government conduct claim fails.

Mr. Slowden's claim of sentencing entrapment has also been rejected as a viable defense. Sanchez, 138 F.3d at 1414 (citing United States v. Miller, 71 F.3d 813 (11th Cir. 1996), cert. denied, 519 U.S. 842 (1996)). With respect to the sentencing manipulation defense, the Eleventh Circuit ruled that sentencing manipulation could be applied to reduce the defendant's sentence, but not to dismiss the indictment. United States v. Ciszkowski, 492 F.3d 1264, 1270 (11th Cir. 2007).

Having conducted a *de novo* review of the Report and Recommendation and Mr. Slowden's Objections, this Court concludes that Judge Seltzer's Report and Recommendation should be **ADOPTED** and Mr. Slowden's Objections **OVERRULED**. Therefore, it is

**ORDERED AND ADJUDGED** that Defendant Cassio Slowden's Objections to Report and Recommendation [DE 86] are hereby **OVERRULED**, and United States Magistrate Jude Barry S. Seltzer's Report and Recommendation [DE 83] is **ADOPTED**. It is further

**ORDERED AND ADJUDGED** that Defendant Cassio Slowden's Motion to Dismiss Indictment [DE 59], Corrected Motion to Dismiss Indictment [DE 60], and Second Motion to Dismiss Indictment [DE 76] are each **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 1st day of March, 2012.

*[signature]*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF